FILED
January 27, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

COURT OF APPEALS NUMBER 03-14-00325-CV
(TRIAL COURT CASE NUMBER 261-263-D)

IN THE COURT OF APPEALS FOR
THE STATE OF TEXAS
(Third Supreme Judicial District)

LUTHER W. COBB SR
V
MARILENE F. COBB

Appealed from the 264th Judicial District
Court of Bell County, Texas

APPELLANT'S BRIEF

Respectfully Submitted,

LUTHER WAYNE COBB 1294301
Michael Unit
2664 FM 2054
Tennessee Colony
TX 75886
903-928-2311



RECEIVED
JAN 2 7 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# LIST OF PARTIES

Attorney
Gregory Keith Simmons
714 North 4th Street
Killeen, TX 76541

Appellee
Marilene Ferrer Cobb
110 E. Valley Road
Harker Heights
TX 76548

The Honorable
Billy Ray Stubblefield
Administrative Judge
William County Courthouse
405 Martin Luther King, Box 2
Georgetown TX 78628

The Honorable
Martha J. Trudo
District Judge, 264th District Court
Bell County Courthouse
P.O. Box 747
Belton TX 78513

The Honorable
District Clerk
Bell County Courthouse
P.O. Box 909
Belton TX 76513-3296

Appellant
Luther Wayne Cobb
Michael Unit
2664 FM 2054
Tennessee Colony
TX 75886

i

# TABLE OF CONTENTS

ITEMS                                          PAGES

Identity of Parties and Counsel                  i
Table of Contents                                ii
Index of Authorities                             iii
Statement of the case                            1
Issues Presented                                 2
Statement of fact                                3,45
Summ of the Argument                             6,7,8
Arguments                                        9,10,11,12,13,14,15,16,17
Prayer                                           18

# INDEX OF AUTHORITIES

CASES    State case                                          PAGES

Chavez v Housing Auth. of EL PASO 897 S.W.2d 523    9
          (Tex. App.-EL PASO 1995)
Cherne Indus, Ins v Magellanes 763 S.W.2d 768
          (Tex. 1989)                                       13
Dowson -Austin 968 S.W.2d St 322 (Tex.1998            16
Fuselier 56 S.W.3d 268                                16
Haggensen v State 346 S.W. 758, 767                   16
In re Z.L.T. 124 S.W.3d 163, 166 (Tex 2003)           17
Hill v Hill 339 S.W.3d 74, 78 (Tex. 2011)             13
Leal v City of Rosenberg 17 S.W.3d 385                11
          (Tex. App, Amarillo 2000)
Linwood v NCNB Texas 885 S.W.2d 102, 103              10
Mueller v Scrrous 826 S.W.2d 608, 609 (Tex. 1992      11
Ramous v Richardson 228 S.W.3d 671 (Tex. 1992         12
Vickery v Commission for Lawyer Discipline            14
5 S.W.3d 241, 253 (Tex. App. Houston [14 Dist. 1999
Pet. denied
Walker 776 S.W.2d St 581                              10
Warner v Glass 135 S.W.3d 681 (Tex. 2004)             12

          Supreme Court case
Houston v LACK 487 U.S. 266, 276                      12
108 S.Ct. 2379, 101 L.ED. 2d 245 (1988

          Texas Rule of Civil Procedure

    Rule 297                                          10, 11, 13, 14
      Rule 306                                        10 12
      Rule 296                                        9, 10, 13
      Rule 316                                        16


    Texas Rule of Appellate Procedure
    Rule 26.1 (c)                                     9, 11 13, 14
    Rule 9.2(b)(2)                                    12, 13, 14, 15
    Rule 40 and 41                                    5

# STATEMENT OF THE CASE

On December 18th 2012 the Original Petition for Divorce (CR-I-5 through 8) was filed. Somebody caused a Motion To Recuse to be filed, the hearing happened on July 11, 2013 (CR-I-37). Honorable Judge Rick Morris presided over the proceeding on July 11, 2013 (CR-I-37). On November 14th, 2013 a Divorce Hearing (CR-I-47) was presided over by Honorable Judge Martha Trudo and granted the Divorce. The Enter Order Hearing to Sign the Final Decree of Divorce was held on February 18th 2014 and on this date the Court Signed the Final Decree of Divorce (CR-I-86 through 96). Appellant filed a premature "Request for Finding of Fact and Conclusion of Law" (CR-I-59 through 67) on 12-3-13. Appellant filed a timely "Notice of Past Due Finding of Fact and Conclusion of Law (CR-I-107 through 108) on March 17, 2014 extending appellate timetable to file Notice of Appeal to May 18th, 2014. Appellant filed a timely notice of Appeal (CR-I-111) May 13, 2014 giving this court jurisdiction

# ISSUES PRESENTED

1. Did Appellant's prematurely filed, Rule 296 "Request for Finding of Fact and Conclusion of Law" followed by timely filed (3-17-14) "Notice of Past Due Finding of Fact and Conclusion of Law" extend deadline within which to perfect appeal to 90 days after Final Decree of Divorce was Signed 2-18-14 allowing timely (5-13-14 Notice of Appeal)

2. Did trial court abuse it's discretion by failing to file "Finding of Fact and Conclusion of Law" after timely (3-17-14) "Notice of Past Due Findings of Fact and Conclusions of Law" was filed with clerk

3 Cause number 261,263-D is void because Appellee's trial counsel commit drafting error by drafting the Final Decree of Divorce under cause number 266,263-D Which was signed the Trial Judge but in a previous Divorce proceeding ruled Appellant couldn't object to the cause number 261,263-D

4 Trial Court didn't have jurisdiction over the person Marilene Ferrer Cobb

5 Cause Number 261,263-D is void because no finding of Ability to pay child Support

6 Appellant denied Access to court by not allowing tobe present by phone

7 Cause number 261,263-D void for not making finding of what Appellant was convicted of

8 Cause number 261,263-D void for not making finding of where the money is

2

# STATEMENT OF FACTS

Issue One, in the Clerk's Record (CR) is an Affidavit .... (CR-I-73 through 78). Within these documents Appellant invoked appellate jurisdiction by revealing his financial status in statements under penalty of perjury by expressing no source of income and no money on hand (CR-I-74 and 75). Appellant expressed he had no money to pay court cost.... or any fee or cost associated with this cause (CR-I-75). Appellant's First "Request for Finding of Fact and Conclusion of Law" was prematurely filed (CR-I-59 through 67) 12-3-13 by Appellant placing it in the Michael Unit's outgoing prison mailbox. This made it premature but timely before the Final Decree of Divorce which was filed and signed 2-18-14 (CR-I-86 through 96). A Second "Finding of Fact and Conclusion of Law" was filed 3-7-14 by Appellant placing it in the Michael Unit's outgoing prison mailbox. The Michael Unit's Internal Mailing system has up to two working days to process outgoing/incoming mail, they logged the Second "Finding of Fact and Conclusion of Law" received by the Michael Unit's Internal Mailing System on 3-10-14 (See Exhibits A D and C) but the court filed it 3-13-14 (CR-I-99 through 106). A "Notice of Past Due Finding of Fact and Conclusion of Law" was filed 3-17-14 when Appellant placed it in the Michael Unit's outgoing prison mailbox and the Michael Unit's Internal Mailing System logged this as being received 3-17-14 (See Exhibits A D and C) the court filed this document 3-21-14 (CR-I-107 through 108). Appellate had until 3-19-14 to file the latter document. A notice of Appeal was filed 5-13-14 when Appellant placed it in the Michael Unit's outgoing prison mailbox or when Michael Unit's Internal Mailing system logged this as being received 5-13-14 (See Exhibit B) but the court filed this Notice of Appeal 5-19-14 (CR-I-111), but the deadline to file Notice of Appeal was 5-18-14.

3

Issue Two, Appellant's first "Request for Finding of Fact and Conclusion of Law" was prematurely filed (CR-I-59 through 67) 12-3-13 by Appellant placing it in the Michael Unit's outgoing prison mailbox. This made it premature but timely before the Final Decree of Divorce which was filed and signed 2-18-14 (CR-I-86 through 96). A second "Finding of Fact and Conclusion of Law" was filed 3-7-14 by Appellant placing it in the Michael Unit's outgoing prison mailbox. This made it within the twenty day time limit to request Finding of Fact and Conclusion of Law," starting from the 2-18-14 Final Decree of Divorce date. Appellant emphasize the Michael Unit's Internal mailing system has up to two working days to process out/going / incoming mail, they logged the second "Finding of Fact and Conclusion of Law" received by the Michael Unit's Internal Mailing System on 3-10-14 (see Exhibits A, D and C) but the court filed it 3-13-14 (CR-I-99 through 106). The clerk, court and Appellee over looked the prematurely filed Request for Finding of Fact and Conclusion of Law" (CR-I-59 through 67) but used the court's file date of 3-13-14 which was the second "Request for Finding of Fact and Conclusion of Law and said "this document was filed on march 13th, 2014. This was twenty-three days after the judgment was signed" (CR-I-109). The 3-13-14 file date was use as justification not to conduct Finding of Fact and Conclusion of Law by the court and Appellee. Within 30 days (2-18-14) after the first prematurely filed Request for Finding of Fact and Conclusion of Law went into effect 2-18-14 Applicant filed a "Notice of Past Due Finding of Fact and Conclusion of Law" (CR-I-107 through 109) on 3-17-14 when Appellant placed it in the Michael Unit outgoing prison mailbox and the Michael Unit's Internal Mailing System logged this as being received 3-17-14 (see Exhibits A, D and C) the court filed this document 3-21-14 (CR-I-107 through 108). Appellate had until 3-19-14 to file "Notice of Past Due Finding of Fact and Conclusion of Law" was filed 3-17-14. Notice of Appeal was filed 5-13-14 (see Exhibit B) the deadline was 5-18-14

4

Issue Three: In the Clerk's Record is a Final Decree of Divorce (CR-I-86 through 96) drafted under cause number 266, 263-D Also in the Clerk Record (CR-I-80 is a proposed Judgment request by the Judge which was taken out of the clerk Record. Teu (Incorporate Exhibit H) The removed proposed Final Decree of Divorce was sent to Appellant. All communication between Appellant and Appellee was under cause number 266, 263-D. See Exhibit F, G, H and all communication by Appellant to the court. In the Reporter Record (RR) Appellant objected, this court does not have jurisdiction (RR-I-22) Appellant ask if he could list his objections (RR-I-24) but the Judge Kept interrupting before he could fully object and preserve error for review see (RR-I-35) Applicant objected (RR-I-6) he had not receive records as to what this proceeding was see CRR-I-5 and 60. Appellant "I have not finished my objection. I don't think you have jurisdiction" See (RR-I-9) ... I need to need to put on my Jurisdiction objection. The Court: No Sir. You don't. MR COBB: I cannot object on jurisdiction? The court No Sir.

## SUMMARY OF ARGUMENT

The Trial court should have allowed the prematurely filed "Request for Finding of Fact and Conclusion of Law" to be effective on February 18th, 2014 but subsequent to the time of signing the February 18th 2014 Final Divorce Decree. The trial court should allow the date Appellant deposited his filing in the Michael Unit's outgoing prison mailbox as his file date. Issue one.

## SUMMARY OF ARGUMENT

The Trial Court should not overlook the Original prematurely filed "Request for Finding of Fact and Conclusion of Law" but improperly considered the Second "Request for Finding of Fact and Conclusion of Law" as justification not to file its finding of fact and Conclusion of Law and improperly considered the Court's March 13 2014 file date instead of the Second "Request for Finding of Fact and Conclusion of Law's prison mailbox rule March 7th 2014 file date. Issue Two.

## SUMMARY OF ARGUMENT

Trial court should have allowed jurisdiction objection

Issue three

# ARGUMENT

Addressing issue one the ruling Chavez v Housing Auth. OF EL PASO 897 S.W. 2d 523 (Tex. App.-EL Paso 1995) State, "Texas Rules of Appellate Procedure (TRAP), Rule 40 and 41 establish the process for perfecting an appeal." Id at 525. The normal process for the perfection of a civil appeal is the filing of a cost bond, cash deposit, or affidavit of inability to pay cost on appeal, and giving notice thereof to all other parties. It is the time table for the filing of these documents which becomes critical in this case." Id at 525. "When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after judgment is signed or, within ninety days after... timely filed a request for finding of fact and conclusion of law in a case tried without a jury." (emphasis added). Id at 525.

(TRAP) changed, Rule 26.1 States, "The notice of appeal must be filed within 30 day after the judgment is signed, except as follows: (a) the notice of appeal must be filed within 90 days after judgment is signed if any party timely filed: a request for finding of fact and conclusion of law if finding and conclusions either are required by the Rule of Civil Procedure".... (TRAP), Rule 296 State, "In any case tried in the district or county court without a jury, any party may request the court to state in writing its finding of fact and conclusion of law ... Shall be filed within twenty days after judgment is signed with the clerk of the court....

In the clerk's Record a document was filed by Appellee that said Luther W. Cobb, Sr Income and source zero due to Incarceration (CR-I-52). Appellant invoked jurisdiction upon the court of Appeals by a "Affidavit... of Inability to pay ... (CR-I-73 through 78). Within these documents Appellant expressed no source of income and no money on hand

9

(CR-I-74 and 75). Appellant expressed he had no money to pay court cost···· or any fee or cost associated with this cause (CR-I-75). The Chavez supra say···· notice of appeal, or affidavits of inability to pay cost of appeal, filed with the clerk of the trial court, invoke the jurisdiction of a court of appeals. Id at 526. These "bona fide attempt" cases all involved instruments which actually invoke appellate jurisdiction. See Linwood V NCNB TeXAS 885 S.W. 2d 102, 103 (holding notice of appeal filed when not authorized was a bona fide attempt to invoke appellate jurisdiction); Walker, 776 S.W. 2d at 581 (holding affidavit of inability to pay cost on appeal substantially complied with requirement and was sufficient to invoke appellate jurisdiction).

Appellant incorporate all above and mentioned documents into this point of issue one and into other issues where it's mentioned. Appellant request the court to take judicial notice that Appellant invoked appellate jurisdiction by filing the incorporated the, "Affidavit··· of Inability To Pay ··· (CR-I-73 through 78).

Appellant extends the appellate timetable by filing a Prematurely Filed Document, Rule 296 "Request for Finding of Fact and Conclusions of Law", filed Filed 12-9-13 (CR-I-59 through 67). The Final Decree of Divorce was filed and signed 2-18-14 but Rule 306 c (Prematurely Filed Documents) say, no request for finding of fact and conclusions of law shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment. The court fail to file timely findings of fact and conclusions of law. Appellant within thirty days after filing the original request filed a Rule 297 "Notice of Past Due Findings of Fact and Conclusions of Law". This extended the time to file a notice of appeal to 5-18-14. A timely Notice of Appeal was served, received by TDCJ internal mailing system 5-13-14.

Leal V City of Rosenberg 17 S.W. 3d 385 (Tex. App.-Amarillo 2000) held that plaintiff's motion for new trial extended deadline within to perfect appeal to 90 days after judgment was signed despite fact that it had wrong cause number and was filed in wrong case. In the Leal supra a motion for new trial was filed which triggered the provision of Texas Rule of Appellate Procedure 26.1 (a) which extends the deadline within to perfect an appeal. Leal at 386. The Leal Supra said, "So long as the appellant's effort constituted a bona fide attempt to invoke appellate jurisdiction we should construe them as successful. Leal Supra at 386 citing Mueller V Saravia 826 S.W. 2d 608, 609 (Tex. 1992).

Filing a Prematurely Filed, Rule 296 "Request for Findings, of Fact and Conclusions of Law" (CR-I-59 through 67) Filed 12-9-13. Within thirty days following the Final Decree of Divorce which was Filed and Signed 2-18-14 Applicant Filed a Rule 297 "Notice of Past Due Finding of Fact and Conclusion of Law" (CR-I-107 through 108) on 3-17-14 this was received by TDCJ internal mailing. The deadline for filing the above "Notice of Past Due Finding of Fact and conclusion of Law was 3-19-14 (emphasis Add). Applicant have verified that the above, "Notice of Past Due Finding of Fact and conclusion of Law" was received by TDCJ internal mailing on 3-17-14. (See Exhibit A, C and D). The deadline for filing the the above document hadn't past. Appellant exercised due diligence has triggered the provision of (TRAP), Rule 26.1 (a) which extends the deadline to 5-18-14 within the time to perfect an appeal. Appellant filed his Notice of Appeal and was received by TDCJ internal mailing 5-13-14 (See Exhibit B and D). Appellate's above efforts constituted a "bona fide" attempt to invoke appellate jurisdiction. See Leal Supra at 17 S.W. 3d 385, 386 (Tex. App.-Amarillo 2000) and Mueller V Saravia 826 S.W. 2d 608, 609 (Tex 1992).

Appellant claims the prison mailbox rule on all filed documents. Warner v Glass 135 S.W.3d 681 (Tex. 2004), "The Supreme Court held that a pro se inmate's civil petition, that is placed in a properly addressed and stamp envelop or wrapper is deemed "filed" at the moment prison authorities received the document for mailing." Id at 682. "Because a pro se inmate must rely on prison authorities, the court held that the notice of appeal was deem filed when the inmate handed it over to the prison authorities for forwarding to the court clerk. See Houston v Lack 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.ED. 2d 245 (1988)···" Warner Supra at 685 and 686. The court in Warner, "decline to penalize an inmate who timely delivered a document to the prison mailbox." Warner at 135 S.W.3d at 684.

In Ramos v Richardson 228 S.W 3d 671 (Tex. 2007), "The Supreme Court held that plaintiffs satisfied their burden of providing some measure of proof that their notice of appeal ··· were placed in United State Mail on or before deadline for filing notice of appeal as element for applying mailbox rule." Id at 671. Tex. R. App. P. 9.2(b)(2), "Petitioner have the burden of providing some measure of proof that their notice of appeal were placed in the United States mail on or before March 21, 2005." Ramos Supra at 673. "Such proof is present in the record in the form of the filing letter accompanying the petitioners notice of appeal and the certificate of service, which both state the notice of appeal were placed in the outgoing prison mailbox on March 9, 2005. ID at 673

Appellant's First "Request for Finding of Fact and Conclusion of Law was prematurely Filed (CR-I-59 through 67) 12-3-13 by Appellant placing it in the Michael Unit's outgoing prison mailbox. See Houston v Lack 487 U.S. 266, 276, 108 S.ct. 2379. Pursuant to Texas Rules of Civil Procedure, Rule 306 c this document shall be deemed to have been filed on

the date (2-18-14) but subsequent to the time of signing of the (2-18-14) judgment." Id. Incorporate Exhibit _A_, _B_ and _C_. The court did not File a Finding of Fact and Conclusion of Law within 20 days after the above timely prematurely request was filed 2-18-14. Within 30 days following 2-18-14 Applicant filed a Texas Rules of Civil Procedure, Rule 297 "Notice of Past Due Finding of Fact and Conclusion of Law" on 3-17-14 by placing it in the Michael Unit's outgoing prison mailbox and the Michael Unit's Internal mailing system logged this as being received 3-17-14 ( see Exhibits _A_, D and _C_ ) plus Exhibit D corroborate the requirements of Tex. R. App. P. 9.2(b)(2) Appellant have burden of providing some measure of proof that the "Request for Finding of Fact and Conclusion of Law" was filed 12-3-13. The Notice of Past Due Finding of Fact and Conclusion of Law was filed 3-17-14 and timely Notice of Appeal was filed by placing it in the Michael Unit's outgoing prison mailbox and the Michael Unit's Internal mailing system logged this as being 5-13-14. Incorporate Exhibits A, C and D show the Second "Request for Finding of Fact and Conclusion of Law" was filed 3-7-14 within 20 days after the Judgment (Final Decree of Divorce) was signed Appellant triggered TRAP, Rule 26.1 (a) allowing Notice of Appeal to be filed within 90 days after 2-18-14 when the Judgment (Final Decree of Divorce) was Signed.

Issue Two: a trial court abuses it discretion when it act "arbitrarily or unreasonably, without reference to guiding rules or principles" Hifp V Hifp, 339 S.W. 3d 74, 78 (Tex. 2011). A request for Finding of facts and conclusions of law must be filed within 20 days after the judgment is signed. Civ Proc 296. A party is not initially required to present the request to the judge, cherne Indus, Ins v Magallanes 763 S.W. 2d 768 (Tex 1989). A bare-bones request complies with the rule; a party is not required to specify the finding the party

desires. See Vickery v Commission For lawyer Disci-pline 5 S.W. 3d 241, 253 (Tex. App. - Houston [14 Dist.] 1999, Pet. denied.) If the judge fails to make any finding within 20 day after the initial request, a notice of past due finding of fact and conclusion of law must be filed within 30 days after the initial request. Civ. Proc. Rule 297

Appellant incorporate issue one into issue two. Appellant ask the court to take judicial notice that he triggered TRAP, Rule 26.1 (a) extending deadline within which to perfect appeal to 90 days after the Final Decree of Divorce by filing premature "Request For Finding of Fact and Conclusion of Law; timely, "Notice of Past Due Finding of Fact and Conclusion of Law" and timely Notice of Appeal.

Appellant's First, "Request For Finding of Fact and Conclusion of Law" was prematurely filed (CR-I- 59 through 67) 12-3-13 by Appellant placing in the Michael Unit's outgoing prison mailbox (see Exhibits A, C and D) This made it premature but timely because the Final Decree of Divorce was filed and signed 2-18-14 (CR-I-86 through 96). Civ. Proc. 306c say, "No... request for finding of fact and conclusion of law" shall be held ineffective because prematurely filed ... but ... shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment. The court had until 1-9-14 to file its finding of fact and conclusion of law within twenty days after a timely request is filed. See Civ. Proc. 297.

The Judge fail to make ~~and~~ any finding within 20 days after the initial request. See Civ. Proc. 297. A "Notice of Past Due Finding of Fact and Conclusions of Law" was filed within 30 days after filing the original "Request For Finding of Fact and Conclusion of Law" which went into effect 2-18-14. Appellant had until 3-19-14 to make "Notice of Past Due Finding of Fact and Conclusions

14

of LAW." See Exhibit A, C, and D "Notice of Past Due Findings of Fact and Conclusions of LAW" (CR-I-107 through 109) was Filed 3-17-14 when Appellant placed it in the Michael Unit Outgoing prison mailbox and the Michael Units Internal Mailing System logged this as being received. Incorporate Exhibits A, C and D. Also this meets the requirement of Tex. R. App. P. 9.2(b)(2), Appellant have show Some measure of proof that the "Notice of Past Due Finding of Fact and Conclusion of LAW" was placed in the United States mail On or before 3-19-14. See RAMOS v Richardson 228 S.W.3d 671 (Tex. 2007).

The court abused it discretion for acting arbitarily or unreasonably without reference to the guiding rules or principles of Civ Proc. 296 and 297. Instead of following the above principles the court relied upon a letter to Judge by Darby (CR-I-109) See Exhibit E. This letter relied upon a Second "Request for Finding of Fact and Conclusions of LAW" (CR-I-99 through 106). Civ Proc. 297 Say, "the court Should file timely Finding of Fact and Conclusion of LAW... within thirty days after filing the Original request" (emphasis Added). The Original request was filed 12-3-13. See Exhibits A, C, and D. The Original request went into effect 2-18-14 but subsequent to the time of signing of the Judgment (Final Decree of Divorce). The Letter to Judge by Darby (CR-I-109) over look the original request but relied upon a Second "Request for Finding of Fact and Conclusion of LAW" and erroneously Said this document was filed On March 13, 2014 when in fact it was filed on 3-7-14. See Exhibit A, C, and D. The trial court abused it discretion by arbitarily or unreasonably, without reference to guiding rules or principles improperly applied Civ Proc 296 and 297.

15

Issue Three: Haagenson v State 346 S.W. 758, 767 say incorrect cause number --- is Absolute error if objected to. Trial attorney commited drafting error by drafting the Final Divorce decree under cause number 266, 263-D. No notice of motion to correct the cause number has entered in the record pursuant to Texas Rule of Civil Procedure, Rule 316 Appellant has tried to object to jurisdiction. See RR-I-22, 24, 6, 5 and 9 and See Exhibit F, G, H and all communication sent to Appellant from Appellee was under cause number 266, 263-D conserning the Final decree of Divorce. This is a drafting error the cause number 261, 263-D is void. See In re Fuselier 56 S.W.3d 268

Issue Four: Trial court lack Jurisdiction because the trial court didn't have jurisdiction over the person. MARILENE. Appellant object to this in the record. See RR-I-18, 19, 20 and 21. Later the trial court said I couldn't object on jurisdiction. See (RR-I-9). Please consider Exhibit I it shows MARILENE has never existed and is not a person but some how showed up on Exhibit J marriage contract. The trial court did not have jurisdiction over the person. See Dawson -Austin 968 S.W. 2d at 322 (Tex 1998). Appellant tried to conduct a finding of fact and conclusion of law but was prevented by the court. Cause Number 261, 263-D is void and the court has no jurisdiction of the person.

Issue Five: on November 14, 2013 the court and Appellee knew that LUTHER W. CUBB Sr Income and Source zero due to incarceration (CR-I-52). Exhibit K shows the trial court found Appellant Indigent. Appellant show he was unable to pay child support because of incarceration. (CR-I-71 through 76) No where in the Reporter Record does it show that the court made a finding of Appellant ability to pay child support. See RR-I-39

16

Issue Six: The trial court abused it discretion by not allowing him to make a appearance at the 2-18-14 Hearing In the clerk record at 77 and 78 Appellant gave notice that the court abused it discretion in denying him the right to appear in person or by written answer... telephone. See CR-I-77 and 78. Appellant cited In re Z.L.T. 124 S.W. 3d 163, 166 (Tex. 2003). The court was put on notice and the Judge has requested that Mr Cobb participate by telephone. See CR-I-83 The court cancelled this day and rescheduled the Hearing to Enter Order. See CR-I-84 but did not reschedule Appellant the Judgment is void because I was rescheduled,

Issue Seven: The Reporter Record is inaccurate as to what I was convicted of. Nobody never said what I was convicted of there need to be a finding of the fact and conclusion of law as to false statements entered into the record restricting my visitation of my daughter.

Issue Eight Full accounting of the missing money (Separate property) and community property has not been accounted for request Finding of fact and conclusion of law of all money whether separate or community property, The $5000 was Separate property but that got changed to community property and separate property.

PRAYER

Remand the cause 261,263-0 to the trial court to conduct Finding of fact and conclusion of LAW. Reverse this judgment and find that the trial cousel committed drafting error. make finding that the court has no jurisdiction on the person the person MARILENG and that the Judgment is void for not seeing if Appellant had the ability to pay child support. Finding that the Appellant was denied Access to the court by not allowing him to be present at trial. Finding that the record have been changed and that there was no accurate discription of what Appellant was incarcerated for, conduct finding on community property and separate property money and make a determination on equal division of the property,

17

Appellant prays for additional relief, pursuant to TRAP, Rule 2 request the suspension of rule 9.3(a)(1)(A) and (a)(1)(B) requiring original and three copies and original and two copies request permission to file one copy. Please serve all concern. Pursuant to rule 2, request the suspension of TRAP, Rule 38.1 requiring statement of facts on issue 4 through 8 and summary of the argument on issue 4 through 8. I have pinched nerves in my elbows and wrist that cause extreme pain in my hands and fingers which cause me to be unable to the address other facts into the brief and as the order stated can't ask for another extension

Request other relief it was fussy and on the Men Michael Unit and I wasn't allowed to go to the mailbox early in the morning because the weather cause restricted movement requiring escorts but Applicant did place this Appellate Brief into the Michael Unit's outgoing prison mailbox on 1-20-14 I'm claiming the prison mailbox rule

## INMATE UNSWORN DECLARATION

I, LUTHER W. COBB 1294301, being presently incarcerated in the Mark W. Michael Unit, in Anderson County Texas hereby certify that pursuant to FRAP 25 (a) "Mail Box Rule" and or TRAP 9.2 the "APPELLANT'S BRIEF WAS placed in the Mark W. Michael Unit's Inmate Institution mailbox on the date listed below. See Tex. Civ. Prac & Rem 132.001-132.003 and 28 U.S.C. §1746

Signed 1-20-14

*Luther Wayne Cobb*
LUTHER WAYNE COBB

## SERVICE

I, LUTHER WAYNE COBB 1294301 declare under penalty of perjury that the above was placed in the Michael Unit Inmate Institution mailbox postage prepaid by first class mail to be forwarded to the below address on 1-20-15 This is true and correct. Tex. Civ Prac & Rem. 132.001-132.003 and 28 U.S.C. §1746

Signed 1-20-15

*Luther W. Cobb*
LUTHER W. COBB

18

Law office of
Gregory K. Simmon P.C.
714 N. 4th Street
Killeen TX 75641

Jeffrey D. Kyle, Clerk
Court of Appeals
Third District of Texas
P.O. Box 12547, Austin
TX 78711-2547

Luther W. Cobb
1294301
Michael Unit
2664 FM 2054
Tennessee Colony
TX 75886
903-928-2311

I need this for Access to the court purposes

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Please confirm from your legal log that legal mail was logged in as being received and being processed for mailing on the following dates or on or about that date to the below address: December 3rd 2014, March 7 2014, March 17, 2014

Also I would like to purchase those pages how many pages is there? Please confirm the above dates with the below address.

| LAW office of | District Clerk |
|---|---|
| Gregory K. Simmon P.C. | Sheila Norman |
| 714 N 4th Street | District Court Bldg 1201 Huey Road |
| Killeen Texas 76541 | P.O. Box 909 Belton TX |
| | 76513-0909 |

Name: _Luther Cobb_    No: _1294301_    Unit: _Michael_

Living Quarters: _~~F8-8-36~~_    Work Assignment: _Med SQ 1_

**DISPOSITION:** (Inmate will not write in this space)

Received in MR 12/4/13
Mailed to USPS 12/5/13
(Both)

Received in MR        MR 3/12/14
3/10/14   District   USPS
USPS      Clerk      3/18/14
3/11/14   Sheila Norman
          +
          Gregory Simmons

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

*10/19*  *4*

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: *Mailroom Hannah*
(Name and title of official)

DATE: *June 25, 2014*

ADDRESS: _____

Exhibit 13

**SUBJECT:** *State briefly the problem on which you desire assistance.*

This is an access to the court issue, I need the date (confirm the date) the below addresses was wrote to from this mailroom. Second I need to purchase those pages of the legal log and this needs to be sent to the court by me to confirm that I mailed mail on or about the following dates: December 3rd 2013; March 7, 2014; March 17, 2014; May 13, 2014

| Law office of | District Clerk |
|---|---|
| Gregory K. Simmon P.C. | Shelis Norman |
| 714 N. 4th Street | District Court Bldg 1201 Huey Road |
| Killeen Texas 76541 | P.O. Box 909 Belton TX |
| | 76513-0909 |

Name: Luther Cobb     No: 1294301     Unit: Michael

Living Quarters: 18-S-36     Work Assignment: Med SQ 1

**DISPOSITION:** (Inmate will not write in this space)

Received 5/13/14
USPS 5/14/14

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _Mailroom Ms Carcile_ DATE: _July 1, 2014_

(Name and title of official)

ADDRESS: _____

Exhibit C



# Texas Department of Criminal Justice

# STEP 1

## OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2014180762 |
| Date Received: | JUL 15 2014 |
| Date Due: | 8-24-14 |
| Grievance Code: | 302 |
| Investigator ID #: | 1008 |
| Extension Date: | |
| Date Retd to Offender: | AUG 22 2014 |

Offender Name: Luther W. Cobb   TDCJ # 1294301

Unit: Michael   Housing Assignment: 18 8-36

Unit where incident occurred: Michael   U 01

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? ~~Cargill~~ Cargill Angie N. Clerk II   When? July 1, 2014

What was their response? She would send me the dates that night

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grievance is against the mailroom for fail to answer my I-60 request of verification of outgoing mail to the below addresses on or about the following dates. These are legal addresses, I need the closes date when the mailroom logged outgoing mail to the below address. These are the dates: March 7, 2014, March 17 2014, May 13, 2014 and December 3rd 2013.

I have personall handed a I-60 to Ms Cargil Angie N. Clerk II, I believe she is the supervisor of the mailroom. I asked her also I wanted to purchase the legal log of those dates because I needed them for legal access to the court litigation and she told me I could purchase these legal log but I need to do this through the law library. When I made my I-60 request to the law library I was verbally denied and later my I-60 was denied by Stotts. Kisha V Cov, The I-60 said these items are not on some list so I couldn't purchase them. Tell me how to purchase these legal logs do I need to go through Huntsville. Tell me the process I need to go through to purchase these documents.

District Clerk
Shelia Norman
District Court Bldg 1201 Huey Road
P.O. Box 909 Belton TX
76513 - 0909

Law office of
Gregory K. Simmon P.C.
714 N. 4th Street
Killeen TX 76541

---

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

**Action Requested to resolve your Complaint** *Answer is it possible to purchase the legal log from the mailroom of the below dates Send dates outgoing mail was sent to the requested address on or about these dates December 3rd 2013, March 7, 2014, march 17, 2014, may 13, 2014, this is legal mail

**Offender Signature:** Luther Wayne Cobb          **Date:** July 14th 2014

**Grievance Response:**

An investigation was conducted into your complaint regarding legal letters being mailed. Ms. Cargill, Mailroom Supervisor, reports that on 12/4/13 and 3/10/14 you had two legal letters mailed out: one to District Clerk and the other to Attorney Gregory Simmon. On on 3/11/14 you had on going to Texas Child Support and on 3/17/14 you had two letters going to District Clerk Sheila Norman and Attorney Gregory Simmon. There is no evidence found to substantiate your claims.

**WARDEN BERGER**

**AUG 2 2 2014**

**Signature Authority:** L. Berger          **Date:** 8-22-14

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority:_____

-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

**Appendix F**

AFFIDAVIT OF AUTHENTICATION OF MATERIAL DOCUMENTS BY APPELLANT

LUTHER WAYNE COBB

In reference to the Supplemented document that are being submitted

STATE OF TEXAS            §
ANDERSON COUNTY           §

1. My name is LUTHER WAYNE COBB, TDCJ-ID No. 1294301. I am over 18-years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I, affiant, am incarcerated in the Texas Department of Criminal Justie-Institutions Division, and housed at the Mark W. Michael Unit, in Tennessee Colony, Texas 75886.

3. I, affiant, attest to the fact that, the material documents, exhibits "A" and "B" contain measure of proof that he placed the titled documents in the hands of the Michael Unit's mailroom on or before the date it was due to be filed. Exhibit "A" shows the date of a prematurely filed "Request For Finding Of Fact and Conclusion of Law" which was received by the Michael Unit's Internal Mailing System on 12-4-13. This document contained a 12-3-13 Certificate of Service combined with a mailbox filing verification dated 12-3-13

4 Exhibit "A" shows the date 3-7-14 of a second, "Request For Finding of Fact and Conclusion of Law" which was received by the Michael Unit's Internal Mailing System on 3-7-14 but is show in the Clerk Record as filed 3-13-14 (CR-I-99 through 106). This document contained a 3-7-14 Certificate of Service combined with a mailbox filing verification dated 3-7-14

5 Exhibit "A" shows the date 3-17-14 which is a "Notice of

1

Past Due Finding of Fact and Conclusion of Law" which is a verification that it was received by the Michael Unit's Internal Mailing System on 3-17-14 but is show in the clerk record as filed 3-21-14 (CR-I-107 through 108). This document contained a 3-17-14 certificate of service combined with a mailbox filing verification date 3-17-14.

6 Exhibit "C" which is Grievance # 2014180762 which is a Step 1, corroborates the above dates as being in Michael Unit's Internal Mailing System. This is adequate proof of the date the above documents was turned into the Michael Unit's Internal Mailing System.

7 Exhibit "B" shows the date 5-13-14 which is the date Notice of Appeal was request through the trial court. This notice of Appeal was received by the Michael Unit's Internal Mailing System 5-13-14 but it is shown in the clerk record as filed 5-19-14 (CR-I-111). This document contained a 5-13-14 Certificate of Service signed under penalty of perjury that it was placed in the Michael Unit's Internal Mailing System on 5-13-14 and corroborated also on Exhibit B. Exhibits "A","B and "C" all corroborate the above that the above was placed into the Michael Unit Internal Mailing System on the above dates.

INMATE'S UNSWORN DECLARATION

I, LUTHER W. COBB 1294301, being presently incarcerated in the MARK W. Michael Unit, in Anderson County, Texas declare under penalty of perjury that the above "AFFIDAVIT OF AUTHENTICATION OF MATERIAL DOCUMENTS BY APPELLANT" is true and correct. See Texas Civil Practice & Remedies § 132.001-132.003 and 28 U.S.C. § 1746

Signed 1-20-14

Luther Wayne Cobb
LUTHER WAYNE COBB 1294301
Michael Unit
2664 FM 2054
Tennessee Colony
TX 75886
903-928-2341

JANUARY 20th, 2015 APPELLANT'S BRIEF DATE

In reference CASE Number 03-14-00325-CV APPELLANT BRIEF

STATE OF TEXAS                          §
ANDERSON COUNTY                          §

1. My name is LUTHER WAYNE COBB, TDCJ-ID NO. 1294301. I am over 18 years of age, of sound mine, and capable of making this affidsuit. The facts stated in this affidsuit are within my personal knowledge and are true and correct.

2. I, affiant, am incarcerated in the Texas Department of Criminal Justice-Institutions Division and housed at the Mark W. Michael Unit, in Tennessee Colony, Texas 75886.

3 This is not a brief. I, affiant is claiming the "Prison Mailbox Rule" for the arriving Appellant's Brief. I'm a incarcerated pro se inmate claiming the Appellant's Brief filed with the clerk of the Court of Appeals to be 1-20-15 because this is the date the Michael Unit's Internal Mailing System received the Appellant's Brief to be forwarded to the Clerk of the Court of Appeals.

INMATE'S UNSWORN DECLARATION

I, LUTHER W. COBB 1294301, being presently incarcerated in the Mark W Michael Unit in Anderson County, Texas, hereby certify that pursuant to FRAP 25 (C) "Mail Box Rule" and or TRAP 9.2 the "APPELLANT'S BRIEF" was placed in the Mark W. Michael Unit's Internal Mailing System on 1-20-14. This is true and correct. See Tex. Civ. Prac. & Rem 132.001-132.003 and 28 U.S.C § 1746

Signed 1-20-14

*Luther Wayne Cobb*
LUTHER WAYNE COBB 1294301
Michael Unit
2664 FM 2054
Tennessee Colony
TX 75886
903-928-234

# SERVICE

I, LUTHER WAYNE COBB 1294301 declare under penalty of perjury that the above was placed in the Michael Unit's internal mailing system postage prepaid by first class mail to be forwarded to the below addresses on 1-20-15. This is true and correct. See Texas Civil Practice & Remedies § 132.001 - 132.003 and 28 U.S.C. § 1746.

Signed 1-20-15

Luther Wayne Cobb
LUTHER WAYNE COBB

Law office of
Gregory K. Simmon P.C.
714 N 4th Street
Killeen TX 75641

Jeffrey D. Kyle, Clerk
Court of Appeals
Third District of Texas
P.O. Box 12547, Austin
TX 78711-2547

Luther W. Cobb
1294301
Michael Unit
2664 FM 2054
Tennessee Colony
TX 75886
903-928-2311

 

CAUSE NUMBER: ~~266,263-D~~ 261,263-D

ORIGINAL

Exhibit F

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN THE 264th JUDICIAL |
| MARILENE COBB<br>AND<br>LUTHER W. COBB SR. | §<br>§<br>§<br>§ | DISTRICT COURT OF |
| AND IN THE INTEREST | §<br>§<br>§ | BELL COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On the *14th* day of *November 2013*, this case came on for hearing.

*Appearances*

Petitioner, *MARILENE COBB*, Social Security Number *xxx-xx-x835*, appeared in person and through attorney of record, Gregory K Simmons and announced ready for trial.

Respondent, *LUTHER W. COBB SR.*, Social Security Number *xxx-xx-x563*, ~~waived issuance~~ *was served* *appeared by telephone, objected to the hearing, but participated, sworn, + testified* ~~and service of citation by waiver duly filed and consented to the terms herein evidenced by his~~ *by* ~~signature below.~~

*Record*

The record of testimony was duly reported by the court reporter for the 264th Judicial District.

*Jurisdiction*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction over this cause of action and the parties and that at least sixty days have elapsed since the date the suit was filed. The Court finds Petitioner has been a domiciliary of this state for at least a six-month period preceding the filing of this action and a resident of the county in which this suit is filed for at least a 90-day period preceding the filing of this action. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.

SCAN
2-19-14

 

FILED 2014 FEB 18 P 1:39 86

*Divorce*

IT IS ORDERED AND DECREED that *MARILENE COBB,* Petitioner, and *LUTHER W. COBB SR.,* Respondent, are divorced and that the marriage between them is dissolved on the grounds of insupportable.

*Information Regarding Parties and Child*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name of Mother:    **MARILENE COBB**
    Social Security #:    **xxx-xx-x835**
    Driver's License #:    **xxxxxxxx113**    Issuing State: **Texas**
    Current Address:    ███████████████████
    Home Telephone #:    ████████
    Employer:    **Tri-Sun Health Care**
    Work Address:    **Harker Heights, Texas 76548**
    Work Telephone #:    **(254) 699-5051**

Name of Father:    **LUTHER W. COBB SR.**
    Social Security #:    **xxx-xx-x563**
    Driver's License #:    **xxxxxxxx**    Issuing State:
    Current Address:    █████████████████████
    Home Telephone #:    (___) _____
    Employer:
    Work Address:
    Work Telephone #:

The Court finds that Petitioner and Respondent are the parents of the following children:

    Name:    ██████████████
    Sex:    **Female**
    Birthplace:    ███████████████
    Birth date:    ███████████

No property is owned or possessed by the children.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the children, finds the following orders are in the best interest of the children:

**IT IS ORDERED AND DECREED** that *MARILENE COBB* is appointed Sole Managing Conservator and *LUTHER W. COBB SR.,* is appointed Possessory Conservator of the children.

**IT IS ORDERED AND DECREED** that *MARILENE COBB* as Sole Managing Conservator and *LUTHER W. COBB SR.,* as Possessory Conservator, shall each retain the right to receive information from the other concerning the health, education, and welfare of the children and, to the extent possible, the right to confer with the other before making a decision concerning the health, education, and welfare of the children.

**IT IS ORDERED** that, at all times, *MARILENE COBB*, as sole managing conservator, shall have the following rights:

1. the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2. the right to confer with the other parent to the extent possible before making a decision concerning the education, and welfare of the children;

3. the right of access to medical, dental, psychological, and educational records of the children;

4. the right to consult with a physician, dentist, or psychologist of the children;

5. the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the children's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children;

9. the right to manage the estate of the children to the extent the estate has been created by *MARILENE COBB*.

**IT IS ORDERED** that, at all times, *LUTHER W. COBB SR.,* as possessory conservator, shall have the following rights:

1.     the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.     the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.     the right of access to medical, dental, psychological, and educational records of the children;

4.     the right to consult with a physician, dentist, or psychologist of the children;

5.     the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.     the right to attend school activities;

7.     the right to be designated on the children's records as a person to be notified in case of an emergency;

8.     the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children;

9.     the right to manage the estate of the children to the extent the estate has been created by *LUTHER W. COBB SR.*

**IT IS ORDERED** that, at all times, *MARILENE COBB,* as sole managing conservator shall have the following duties:

1.     the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2.     the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

4

**WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.**

**IT IS ORDERED** that, at all times, *LUTHER W. COBB SR.*, as possessory managing conservator, shall have the following duties:

1.     the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2.     the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. **WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.**

**IT IS ORDERED** that, during her periods of possession, *MARILENE COBB*, as sole managing conservator, shall have the following rights and duties:

1.     the duty of care, control, protection, and reasonable discipline of the children;

2.     the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.     the right to consent for the children to receive medical and dental care involving an invasive procedure;

4.     the right to direct the moral and religious training of the children.

**IT IS ORDERED** that, during his periods of possession, *LUTHER W. COBB SR.*, as Possessory conservator, shall have the following rights and duties:

1.     the duty of care, control, protection, and reasonable discipline of the children;

2.     the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.     the right to direct the moral and religious training of the children.

5

**IT IS ORDERED** that *MARILENE COBB*, as sole managing conservator, shall have the following exclusive rights and duty:

1. the right to designate the primary residence of the children without regard to geographical restriction;

2. the independent right to consent to medical, dental, and surgical treatment involving invasive procedures;

3. the right to consent to psychiatric and psychological treatment of the children;

4. the right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

5. the right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

6. the right to consent to marriage and to enlistment in the armed forces of the United States;

7. the right to make decisions concerning the children's education;

8. except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the children;

9. except when a guardian of the children's estate or a guardian or attorney ad litem has been appointed for the children, the right to act as an agent of the children in relation to the children's estate if the children's action is required by a state, the United States, or a foreign government;

10. the duty to manage the estate of the children to the extent the estate has been created by *MARILENE COBB*.

*Supervised Visitation*

The Court finds that credible evidence has been presented that *LUTHER W. COBB, SR.*, has a history of sexual misconduct and has been incarcerated in the Michael Unit, 2664 FM 2054, Tennessee Colony, Texas since February 2005. IT IS THEREFORE ORDERED that visitation after the release of *LUTHER W. COBB, SR.*, shall be under the supervision of *MARILENE COBB* on the following days and times to be set and determined by *MARILENE COBB* on the days and times prescribed by *MARILENE COBB*.

*Child Support*

**IT IS ORDERED AND DECREED** that *LUTHER W. COBB, SR.* is obligated to child support in the amount of **$203.00** per month, with the first payment being due and payable on the 1st day of **January 2014** and a like payment being due and payable on the same day of each month thereafter until the first month following the earliest occurrence of one of the events specified below:

(1)     the marriage of the child;

(2)     the removal of the child's disabilities for general purposes;

(3)     the death of the child;

(4)     a finding by the court that the child:

a.     is 18 years of age or older; and

b.     has failed to comply with the enrollment or attendance requirements described by Section 154.002(a); or

(5)     if the child enlists in the armed forces of the United States, the date on which the child begins active services as defined by 10 U.S.C. Section 101.

Unless a nonparent or agency has been appointed conservator of the child under Chapter 153, the order for current child support and any provision relating to conservatorship, possession, or access terminates on the marriage or remarriage of the obligor and obligee to each other.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard of the rights of each party and the child of the marriage.

**IT IS ORDERED AND DECREED** the estate of the parties is divided as follows:

*MARILENE COBB* is awarded the following as *MARILENE COBB'S* sole and separate property, and *LUTHER W. COBB SR.,* is divested of all right, title, interest, and claim in and to such property:

1.     All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the sole control of *MARILENE COBB*.

2.     All clothing, jewelry, and other personal effects in the possession of or subject to the sole control of *MARILENE COBB*.

3.     Any and all sums of cash in the possession of or subject to the sole control of *MARILENE COBB*, including money on account in banks, savings institutions, or other financial institutions, which accounts stand in *MARILENE COBB'S* sole name or from which *MARILENE COBB* has the sole right to withdraw funds or which are subject to *MARILENE COBB'S* sole control.

4. Any and all policies of life insurance (including cash values), insuring the life of *MARILENE COBB*.

5. 1998 Nissan Altima motor vehicle with vehicle identification number 1N4DL01D7WC195084, together with all prepaid insurance, keys, and title documents

*LUTHER W. COBB SR.,* is awarded the following as *LUTHER W. COBB SR'S* sole and separate property, and *MARILENE COBB* is hereby divested of all right, title, interest, and claim in and to such property:

1. All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the sole control of *LUTHER W. COBB SR.*

2. All clothing, jewelry, and other personal effects in the possession of or subject to the sole control of *LUTHER W. COBB SR.*

3. Any and all sums of cash in the possession of or subject to the sole control of *LUTHER W. COBB SR.,* including money on account in banks, savings institutions, or other financial institutions, which accounts stand in *LUTHER W. COBB SR'S* sole name or from which *LUTHER W. COBB SR.,* has the sole right to withdraw funds or which are subject to *LUTHER W. COBB SR'S* sole control.

4. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of *LUTHER W. COBB SR'S* past, present or future employment.

5. Any and all policies of life insurance (including cash values), insuring the life of *LUTHER W. COBB SR.*

*Division of Debts*

*IT IS ORDERED AND DECREED MARILENE COBB* shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold *LUTHER W. COBB SR.* and *LUTHER W. COBB SR'S* property harmless from any failure to so discharge these debts and obligations:

1. Any and all debts, charges, liabilities, and other obligations incurred solely by **MARILENE COBB** from and after February 2005, unless express provision is made in this decree to the contrary.

8

2.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to **MARILENE COBB** in this decree unless express provision is made herein to the contrary.

*IT IS ORDERED AND DECREED LUTHER W. COBB SR.*, shall pay, as a part of the division of the estate of the parties the following debts and obligations and shall indemnify and hold *MARILENE COBB* and *MARILENE COBB'S* property harmless from any failure to so discharge the debts and obligations:

1.    Any and all debts, charges, liabilities, and other obligations incurred solely by *LUTHER W. COBB SR.*, from and after February 2005, unless express provision is made in this decree to the contrary.

2.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to *LUTHER W. COBB SR.*, in this decree unless express provision is made herein to the contrary.

*Judgment*

IT IS ORDERED that *LUTHER W.COBB, SR.*, be awarded a judgment in the amount of **$5,000.00(Five Thousand Dollars)** to be paid by *MARIELENE COBB*, for a division of the community property which represents a portion of the parties community property and funds deposited into an account from **LUTHER W.COBB's** military separation pay. *MARILENE COBB* is **ORDERED** to submit payment directly to *LUTHER W. COBB, SR.*, at his current address of Michael Unit # 1294301, 2664 FM 2054, Tennessee Colony, Texas 75886 or any other address directed by the Respondent.

Without affecting the finality of the Final Decree of Divorce, this Court expressly reserves the right pursuant to section 9.101 *et seq.* of the Texas Family Code to make orders necessary to clarify and enforce this decree.

*Division of Undisclosed Assets and Liabilities*

**Division of Liabilities Not Provided for in Decree.**    *IT IS FURTHER ORDERED AND DECREED*, as part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability.

*Attorney's Fees*

To effect an equitable division of the estate of the parties and as a part of the division of the estate of the parties and as part of the division, and for the services rendered in connection with

conservatorship and support of the child, each party shall be responsible for his or her own attorney's fees incurred as a result of legal representation in this case.

Attorney's Fees are to be paid by respective clients and all costs of court are to be borne by the party by whom such costs were incurred.

**Court Costs**

*IT IS ORDERED AND DECREED* that costs of the court are to be paid by the party by whom such costs were incurred.

**Clarifying Orders**

Without affecting the finality of this Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

**Relief Not Granted**

*IT IS ORDERED AND DECREED* that all relief requested in this cause and not expressly granted is denied.

Signed on this _18_ day _February_ 2014.

_____
JUDGE PRESIDING


Exhibit G

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE 264ᵗʰ JUDICIAL |
| THE MARRIAGE OF | § | |
| | § | |
| MARILENE COBB | § | DISTRICT COURT OF |
| AND | § | |
| LUTHER W. COBB SR. | § | |
| | § | |
| AND IN THE INTEREST | § | |
| ▮▮▮▮▮▮▮▮▮ | § | BELL COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On the *14ᵗʰ* day of *November 2013*, this case came on for hearing.

### *Appearances*

Petitioner, *MARILENE COBB*, Social Security Number *xxx-xx-x835*, appeared in person and through attorney of record, Gregory K Simmons and announced ready for trial.

Respondent, *LUTHER W. COBB SR.*, Social Security Number *xxx-xx-x563*, ~~waived issuance~~ *was served, appeared by telephone, objected to the hearing, but participated,* ~~and service of citation by waiver duly filed and consented to the terms herein evidenced by his~~ ~~signature below.~~ ~~Waived and appeared by telephone~~ *sworn and testified*

### *Record*

The record of testimony was duly reported by the court reporter for the 264th Judicial District.

### *Jurisdiction*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction over this cause of action and the parties and that at least sixty days have elapsed since the date the suit was filed. The Court finds Petitioner has been a domiciliary of this state for at least a six-month period preceding the filing of this action and a resident of the county in which this suit is filed for at least a 90-day period preceding the filing of this action. All persons entitled to citation were properly cited.

### *Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.


2014 FEB 18 PM 1:40 FILED

*Divorce*

IT IS ORDERED AND DECREED that *MARILENE COBB,* Petitioner, and *LUTHER W. COBB SR.,* Respondent, are divorced and that the marriage between them is dissolved on the grounds of insupportable.

*Information Regarding Parties and Child*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

| | |
|---|---|
| Name of Mother: | **MARILENE COBB** |
| Social Security #: | **xxx-xx-x835** |
| Driver's License #: | **xxxxxxxx113**          Issuing State: **Texas** |
| Current Address: | ████████████████████ |
| Home Telephone #: | ████████ |
| Employer: | **Tri-Sun Health Care** |
| Work Address: | **Harker Heights, Texas 76548** |
| Work Telephone #: | **(254) 699-5051** |

| | |
|---|---|
| Name of Father: | **LUTHER W. COBB SR.** |
| Social Security #: | **xxx-xx-x563** |
| Driver's License #: | **xxxxxxxx____**          Issuing State: |
| Current Address: | **Michael Unit, 2664 FM 2054, Tennessee Colony, Texas** |
| Home Telephone #: | (___) _____ |
| Employer: | _____ |
| Work Address: | _____ |
| Work Telephone #: | _____ |

The Court finds that Petitioner and Respondent are the parents of the following children:

| | |
|---|---|
| Name: | ████████████ |
| Sex: | ██████ |
| Birthplace: | ██████████ |
| Birth date: | ████████ |

No property is owned or possessed by the children.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the children, finds the following orders are in the best interest of the children:

*Divorce*

IT IS ORDERED AND DECREED that *MARILENE COBB,* Petitioner, and *LUTHER W. COBB SR.,* Respondent, are divorced and that the marriage between them is dissolved on the grounds of insupportable.

*Information Regarding Parties and Child*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

| | | |
|---|---|---|
| Name of Mother: | **MARILENE COBB** | |
| Social Security #: | **xxx-xx-x835** | |
| Driver's License #: | **xxxxxxxx113** | Issuing State: **Texas** |
| Current Address: | ███████████████████ | |
| Home Telephone #: | ████████ | |
| Employer: | **Tri-Sun Health Care** | |
| Work Address: | **Harker Heights, Texas 76548** | |
| Work Telephone #: | **(254) 699-5051** | |

| | | |
|---|---|---|
| Name of Father: | **LUTHER W. COBB SR.** | |
| Social Security #: | **xxx-xx-x563** | |
| Driver's License #: | **xxxxxxxx**____ | Issuing State: |
| Current Address: | **Michael Unit, 2664 FM 2054, Tennessee Colony, Texas** | |
| Home Telephone #: | **(___) _____** | |
| Employer: | _____ | |
| Work Address: | _____ | |
| Work Telephone #: | _____ | |

The Court finds that Petitioner and Respondent are the parents of the following children:

| | |
|---|---|
| Name: | ████████████ |
| Sex: | **Female** |
| Birthplace: | ████████████ |
| Birth date: | ██████████ |

No property is owned or possessed by the children.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the children, finds the following orders are in the best interest of the children:

**IT IS ORDERED AND DECREED** that *MARILENE COBB* is appointed Sole Managing Conservator and *LUTHER W. COBB SR.,* is appointed Possessory Conservator of the children.

**IT IS ORDERED AND DECREED** that *MARILENE COBB* as Sole Managing Conservator and *LUTHER W. COBB SR.,* as Possessory Conservator, shall each retain the right to receive information from the other concerning the health, education, and welfare of the children and, to the extent possible, the right to confer with the other before making a decision concerning the health, education, and welfare of the children.

**IT IS ORDERED** that, at all times, *MARILENE COBB,* as sole managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the education, and welfare of the children;

3.      the right of access to medical, dental, psychological, and educational records of the children;

4.      the right to consult with a physician, dentist, or psychologist of the children;

5.      the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.      the right to attend school activities;

7.      the right to be designated on the children's records as a person to be notified in case of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children;

9.      the right to manage the estate of the children to the extent the estate has been created by *MARILENE COBB*.

**IT IS ORDERED** that, at all times, *LUTHER W. COBB SR.*, as possessory conservator, shall have the following rights:

1. the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3. the right of access to medical, dental, psychological, and educational records of the children;

4. the right to consult with a physician, dentist, or psychologist of the children;

5. the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the children's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children;

9. the right to manage the estate of the children to the extent the estate has been created by *LUTHER W. COBB SR.*

**IT IS ORDERED** that, at all times, *MARILENE COBB*, as sole managing conservator shall have the following duties:

1. the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2. the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

4

**WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.**

**IT IS ORDERED** that, at all times, *LUTHER W. COBB SR.*, as possessory managing conservator, shall have the following duties:

1.      the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2.      the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. **WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.**

**IT IS ORDERED** that, during her periods of possession, *MARILENE COBB*, as sole managing conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the children;

2.      the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to consent for the children to receive medical and dental care involving an invasive procedure;

4.      the right to direct the moral and religious training of the children.

**IT IS ORDERED** that, during his periods of possession, *LUTHER W. COBB SR.*, as Possessory conservator, shall have the following rights and duties:

1.      the duty of care, control, protection, and reasonable discipline of the children;

2.      the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.      the right to direct the moral and religious training of the children.

**IT IS ORDERED** that *MARILENE COBB*, as sole managing conservator, shall have the following exclusive rights and duty:

1.      the right to designate the primary residence of the children without regard to geographical restriction;

2.      the independent right to consent to medical, dental, and surgical treatment involving invasive procedures;

3.      the right to consent to psychiatric and psychological treatment of the children;

4.      the right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

5.      the right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

6.      the right to consent to marriage and to enlistment in the armed forces of the United States;

7.      the right to make decisions concerning the children's education;

8.      except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the children;

9.      except when a guardian of the children's estate or a guardian or attorney ad litem has been appointed for the children, the right to act as an agent of the children in relation to the children's estate if the children's action is required by a state, the United States, or a foreign government;

10.      the duty to manage the estate of the children to the extent the estate has been created by *MARILENE COBB*.

*Supervised Visitation*

The Court finds that credible evidence has been presented that *LUTHER W. COBB, SR.*, has a history of sexual misconduct and has been incarcerated in the Michael Unit, 2664 FM 2054, Tennessee Colony, Texas since February 2005. IT IS THEREFORE ORDERED that visitation after the release of *LUTHER W. COBB, SR.*, shall be under the supervision of *MARILENE COBB* on the following days and times to be set and determined by *MARILENE COBB* on the days and times prescribed by *MARILENE COBB*.

6

*Child Support*

**IT IS ORDERED AND DECREED** that *LUTHER W. COBB, SR.* is obligated to child support in the amount of **$203.00** per month, with the first payment being due and payable on the 1st day of **January 2014** and a like payment being due and payable on the same day of each month thereafter until the first month following the earliest occurrence of one of the events specified below:

(1)     the marriage of the child;

(2)     the removal of the child's disabilities for general purposes;

(3)     the death of the child;

(4)     a finding by the court that the child:

a.     is 18 years of age or older; and

b.     has failed to comply with the enrollment or attendance requirements described by Section 154.002(a); or

(5)     if the child enlists in the armed forces of the United States, the date on which the child begins active services as defined by 10 U.S.C. Section 101.

Unless a nonparent or agency has been appointed conservator of the child under Chapter 153, the order for current child support and any provision relating to conservatorship, possession, or access terminates on the marriage or remarriage of the obligor and obligee to each other.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard of the rights of each party and the child of the marriage.

**IT IS ORDERED AND DECREED** the estate of the parties is divided as follows:

*MARILENE COBB* is awarded the following as *MARILENE COBB'S* sole and separate property, and *LUTHER W. COBB SR.,* is divested of all right, title, interest, and claim in and to such property:

1.     All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the sole control of *MARILENE COBB.*

2.     All clothing, jewelry, and other personal effects in the possession of or subject to the sole control of *MARILENE COBB.*

3.     Any and all sums of cash in the possession of or subject to the sole control of *MARILENE COBB,* including money on account in banks, savings institutions, or other financial institutions, which accounts stand in *MARILENE COBB'S* sole name or from which *MARILENE COBB* has the sole right to withdraw funds or which are subject to *MARILENE COBB'S* sole control.

4. Any and all policies of life insurance (including cash values), insuring the life of *MARILENE COBB*.

5. 1998 Nissan Altima motor vehicle with vehicle identification number 1N4DL01D7WC195084, together with all prepaid insurance, keys, and title documents

*LUTHER W. COBB SR.,* is awarded the following as *LUTHER W. COBB SR'S* sole and separate property, and *MARILENE COBB* is hereby divested of all right, title, interest, and claim in and to such property:

1. All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the sole control of *LUTHER W. COBB SR.*

2. All clothing, jewelry, and other personal effects in the possession of or subject to the sole control of *LUTHER W. COBB SR.*

3. Any and all sums of cash in the possession of or subject to the sole control of *LUTHER W. COBB SR.,* including money on account in banks, savings institutions, or other financial institutions, which accounts stand in *LUTHER W. COBB SR'S* sole name or from which *LUTHER W. COBB SR.,* has the sole right to withdraw funds or which are subject to *LUTHER W. COBB SR'S* sole control.

4. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of *LUTHER W. COBB SR'S* past, present or future employment.

5. Any and all policies of life insurance (including cash values), insuring the life of *LUTHER W. COBB SR.*

*Division of Debts*

*IT IS ORDERED AND DECREED MARILENE COBB* shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold *LUTHER W. COBB SR.* and *LUTHER W. COBB SR'S* property harmless from any failure to so discharge these debts and obligations:

1. Any and all debts, charges, liabilities, and other obligations incurred solely by **MARILENE COBB** from and after February 2005, unless express provision is made in this decree to the contrary.

8

2.     All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to **MARILENE COBB** in this decree unless express provision is made herein to the contrary.

*IT IS ORDERED AND DECREED LUTHER W. COBB SR.,* shall pay, as a part of the division of the estate of the parties the following debts and obligations and shall indemnify and hold *MARILENE COBB* and *MARILENE COBB'S* property harmless from any failure to so discharge the debts and obligations:

1.     Any and all debts, charges, liabilities, and other obligations incurred solely by *LUTHER W. COBB SR.,* from and after February 2005, unless express provision is made in this decree to the contrary.

2.     All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to *LUTHER W. COBB SR.,* in this decree unless express provision is made herein to the contrary.

*Judgment*

IT IS ORDERED that *LUTHER W.COBB, SR.,* be awarded a judgment in the amount of **$5,000.00(Five Thousand Dollars)** to be paid by *MARIELENE COBB*, for a division of the community property which represents a portion of the parties community property and funds deposited into an account from **LUTHER W.COBB's** military separation pay. *MARILENE COBB* is **ORDERED** to submit payment directly to *LUTHER W. COBB, SR.,* at his current address of Michael Unit # 1294301, 2664 FM 2054, Tennessee Colony, Texas 75886 or any other address directed by the Respondent.

Without affecting the finality of the Final Decree of Divorce, this Court expressly reserves the right pursuant to section 9.101 *et seq.* of the Texas Family Code to make orders necessary to clarify and enforce this decree.

*Division of Undisclosed Assets and Liabilities*

<u>Division of Liabilities Not Provided for in Decree.</u>     *IT IS FURTHER ORDERED AND DECREED*, as part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability.

*Attorney's Fees*

To effect an equitable division of the estate of the parties and as a part of the division of the estate of the parties and as part of the division, and for the services rendered in connection with

conservatorship and support of the child, each party shall be responsible for his or her own attorney's fees incurred as a result of legal representation in this case.

Attorney's Fees are to be paid by respective clients and all costs of court are to be borne by the party by whom such costs were incurred.

*Court Costs*

**IT IS ORDERED AND DECREED** that costs of the court are to be paid by the party by whom such costs were incurred.

*Clarifying Orders*

Without affecting the finality of this Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

**IT IS ORDERED AND DECREED** that all relief requested in this cause and not expressly granted is denied.

Signed on this __18th__ day ___Feb___ 2014.

Original Signed by Judge Martha J. Trudo

_____
JUDGE PRESIDING

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE

FEB 18 2014

SHELIA NORMAN
DISTRICT CLERK BELTON., TX
BY_____DEPUTY

10

APPROVED AS TO FORM ONLY:

Law Office of Gregory K Simmons, P.C.
714 N. 4th Street
Killeen, Texas 76541
Tel: (254) 616-2529
Fax: (254) 616-6529

By: _____ for TVBAR#24070337
     GREGORY K. SIMMONS
     Attorney for Petitioner
     State Bar No. 18367800


APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____     _____
*MARILENE COBB, Petitioner*     *LUTHER W. COBB SR., Respondent*

11

CAUSE NUMBER: 266,263-D

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE 264th JUDICIAL |
| THE MARRIAGE OF | § | |
| | § | |
| MARILENE COBB | § | DISTRICT COURT OF |
| AND | § | |
| LUTHER W. COBB SR. | § | |
| | § | |
| AND IN THE INTEREST | § | |
| ███████████ | § | BELL COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On the *14th* day of *November 2013*, this case came on for hearing.

*Appearances*

Petitioner, *MARILENE COBB*, Social Security Number *xxx-xx-x835*, appeared in person and through attorney of record, Gregory K Simmons and announced ready for trial.

Respondent, *LUTHER W. COBB SR.*, Social Security Number *xxx-xx-x563*, waived issuance and service of citation by waiver duly filed and consented to the terms herein evidenced by his signature below.

*Record*

The record of testimony was duly reported by the court reporter for the 264th Judicial District.

*Jurisdiction*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction over this cause of action and the parties and that at least sixty days have elapsed since the date the suit was filed. The Court finds Petitioner has been a domiciliary of this state for at least a six-month period preceding the filing of this action and a resident of the county in which this suit is filed for at least a 90-day period preceding the filing of this action. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.

1

APPROVED AS TO FORM ONLY:

Law Office of Gregory K Simmons, P.C.
714 N. 4th Street
Killeen, Texas 76541
Tel: (254) 616-2529
Fax: (254) 616-6529

By:_____

    GREGORY K. SIMMONS
    Attorney for Petitioner
    State Bar No. 18367800

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____      _____
*MARILENE COBB, Petitioner*          *LUTHER W. COBB SR., Respondent*

11

Exhibit I

Municipal Form No. 102—(Revised Dec. 1, 1958)                                                                    (TO BE ACCOMPLISHED IN DUPLICATE)

## REPUBLIC OF THE PHILIPPINES

# CERTIFICATE OF LIVE BIRTH

(FILL OUT COMPLETELY, ACCURATELY, LEGIBLY IN INK OR TYPEWRITER)

Province: **Pangasinan**

City or Municipality: **Sta. Barbara**

Register Number:

(a) Civil Registrar-General No. _____

(b) Local Civil Registrar No. **474**

| | |
|---|---|
| 1. PLACE OF BIRTH | 2. USUAL RESIDENCE OF MOTHER (Where does mother live?) |
| a. PROVINCE **Pangasinan** | a. PROVINCE **Pangasinan** |
| b. CITY OR MUNICIPALITY **Sta. Barbara** | b. CITY OR MUNICIPALITY **Sta. Barbara** |
| c. NAME OF HOSPITAL OR INSTITUTION (If not in hospital, give street address) **Dalongue** | c. NUMBER AND STREET **Dalongue** |
| d. IS PLACE OF BIRTH INSIDE CITY LIMITS? Yes ☐ No ☒ | d. IS RESIDENCE INSIDE CITY LIMITS? Yes ☐ No ☒  e. IS RESIDENCE ON A FARM? Yes ☐ No ☒ |

**CHILD**

3. NAMES (Type or print)  First **Marilyn**  Middle **Tamayo**  Last **Ferrer**

4. SEX **F.**

5a. THIS BIRTH  SINGLE ☒  TWIN ☐  TRIPLET ☐

5b. IF TWIN OR TRIPLET, WAS CHILD  1ST ☐  2ND ☐  3RD ☐

6. DATE OF BIRTH  Month **May**  Day **7**  Year **1966**

**FATHER**

7. NAMES  First **Saturnino**  Middle **Floren**  Last **Ferrer**

RELIGION **R. C.**

8. NATIONALITY **Fil.**

8a. RACE **Br.**

9. AGE (At time of this birth)  Years **35**

10. BIRTHPLACE **Salapingao Dagupan City**

11a. USUAL OCCUPATION **Private Employee**

11b. KIND OF BUSINESS OR INDUSTRY **I.O. F.**

**MOTHER**

12. MAIDEN NAME  First **Trinidad**  Middle **GBaniqued**  Last **Tamayo**

RELIGION **R. C.**

13. NATIONALITY **Fil.**

13a. RACE **Br.**

14. AGE (At time of this birth)  Years **31**

15. BIRTHPLACE **Dalongue Sta. Barbara, Pang.**

16. PREVIOUS DELIVERIES TO MOTHER (Do not include this birth) **5**

| 17a. INFORMANT'S SIGNATURE & NAME IN PRINT *Esther Tamayo* **Esther Tamayo** | a. How many children are now living? **6** | b. How many other were born alive but are now dead? **None** | c. How many fetal deaths (fetus born dead any time after conception)? **None** |
|---|---|---|---|
| c. ADDRESS **Sta. Barbara, Pangasinan** | | | |

18. MOTHER'S MAILING ADDRESS: (Number, Street, City or Municipality, Province) **Dalongue Sta. Barbara, Pangasinan**

19. ATTENDANT AT BIRTH

I HEREBY CERTIFY that I attended the birth of this child who was born alive at **5:00** o'clock **P.** M. on the date above indicated.

a. SIGNATURE: _____

b. NAME IN PRINT: **Pedro Villanueva**

c. ADDRESS: **Sta. Barbara, Pang.**

d. DATE SIGNED BY ATTENDANT AT BIRTH: _____

e. TITLE OF ATTENDANT AT BIRTH:  ☐ M. D.  ☐ MIDWIFE  ☐ NURSE  ☐ OTHERS (Specify) **(Unlicensed)**

20. RECEIVED IN THE OFFICE OF THE LOCAL CIVIL REGISTRAR BY:

a. SIGNATURE: _____

b. NAME IN PRINT: **M. F. CALIMLIM**

c. TITLE OR POSITION: **Local Civil Registrar**

d. DATE: **June 6, 1966**

21. a. GIVEN NAME ADDED FROM SUPPLEMENTAL REPORT:

b. DATE, WHEN GIVEN NAME WAS SUPPLIED:

22a. LENGTH OF PREGNANCY **40** COMPLETED WEEKS.

22b. WEIGHT AT BIRTH ____ LBS. ____ OZ.

23. LEGITIMATE  ☒ YES  ☐ NO     **1520**

24. DATE AND PLACE OF MARRIAGE OF PARENTS (For legitimate birth)

**April** (Month)  **21** (Date)  **1953** (Year)

City or Municipality **Sta. Barbara** Province **Pangasinan**

25. THIS CERTIFICATE IS PREPARED BY:

SIGNATURE: _____

NAME IN PRINT: **NORA C. ARCID**

TITLE OR POSITION: **Clerk**

DATE: **June 6, 1966**

18—233          (SPACE FOR MEDICAL AND HEALTH ITEMS FOR SPECIAL PURPOSES)

RESERVE FOR BINDING

City or Municipality of QUEZON CITY    Province of METRO MANILA 92-14733

| | | Husband | Wife |
|---|---|---|---|
| Contracting Parties | | LUTHER WAYNE COBB | MARILENE T. FERRER |
| (a) Age & Birthdate | | 25 yrs. old | 26 yrs. old |
| Birthplace | | Hugo, Oklahoma, USA. | Sta. Barbara, Pangasinan |
| Nationality | | American | Filipino |
| Residence | | A. CO1/41 INF Ft. Polk Louisiana, USA. 71459 | L-9, Blk. 9, Theresa Ave., Christine Vill., dela Paz |
| Single, widowed or divorced | | Single | Single  Pasig, M.M. |
| Father | | Luther Harris | Saturnino Ferrer |
| Nationality | | American | Filipino |
| Mother | | Wanda Jean Cobb Ware | Trinidad T. Ferrer |
| Nationality | | American | Filipino |
| Witnesses | | Ronilo Cruz | Leonida C. Cruz |
| Residence | | Andres Sison | Sulpicia Sison |
| Persons who gave consent or advice | | NOTE: | |
| (a) Residence | | Both parties are of legal age.... | |
| (b) Relation to contracting party | | | |

Place of marriage — Office of the / Church of / House of / Barrio of    LITTLE QUIAPO DILIMAN QUEZON CITY

Date of marriage    DECEMBER 28, 1992

Marriage solemnized by    REV. ROGELIO T. SUMAYOD

(a)    MINISTER    (b) 978 J. LUNA ST., TONDO MANILA
(Position)    (Address)

THIS IS TO CERTIFY: That I    LUTHER WAYNE COBB    and

I    MARILENE T. FERRER    on the date and at the place above given, of our own free will and accord, and in the presence of the person solemnizing this marriage and of the two witnesses named below, both of age, take each other as husband and wife.

And I    REV. ROGELIO T. SUMAYOD    MINISTER

(Position)

CERTIFY: That on the date and at the place above written the aforesaid    LUTHER WAYNE COBB and    MARILENE T. FERRER    were with their mutual consent lawfully joined together in holy matrimony by me in the presence of said witnesses, both of age: and I further certify that the Marriage License No.    0598921    issued at    Kal. City    on Dec. 28, 19 92. in favor of said parties, was exhibited to me or no marriage license was exhibited to me this marriage being of an exceptional character performed under Art. *. *. *. *. of Rep. Act 386, and that the consent or advice to such marriage was duly given, as required by law, by the person or persons above-mentioned.

IN WITNESS WHEREOF, we signed, (or marked with our fingerprint) this certificate in triplicate this    28 th    day of    DECEMBER    19 92.

_Luther Wayne Cobb_    _Marilene T. Ferrer_
(Contracting Party)    (Contracting Party)
LUTHER WAYNE COBB    MARILENE T. FERRER

(WITNESSES)

ANDRES SISON    SULPICIA P. SISON

RONILO CRUZ    LEONIDA C. CRUZ

Michae...
2664 F
Tennessee Colony
TX 75886

Legal mail

ACCEPTED AT "MARK W. MICHAEL UNIT"
2664 FM 2054 TENN-COLONY TX 75886

Jeffrey D. Kyle, Clerk
Court of Appeal
Third District of Texas
P.O. Box 12547,
TX 78711-2547 Austin